Dewey, J.
This was an action of assumpsit on book account commenced before a justice of the peace. The plaintiff claimed $19.50. The defendant filed a set-off of $30.50. The parties submitted the cause to arbitrators, who made an award in favour of the plaintiff for $12.98, upon which the justice tendered judgment.- The defendant appealed to the Circuit (Yurt, where the plaintiff moved to dismiss the appeal; but before the decision of the motion, the defendant offered evidence to prove that the award had been “ obtained by fraud and other undue means.” The Court refused the evidence and dismissed the appeal. The defendant has brought the record to this Court, and procured a sujpersedeas.
It is contended by the defendant in error that this Court has no jurisdiction over the cause, on the ground that the ^amount in controversy, exclusive of costs, is less than $20.00.
It is true, that the demand of the plaintiff below does not equal that sum. But the real amount in controversy is to be ascertained by taking into view also the claim of the defendant, which is $30.50. As the defendant was entitled, before the justice, to the benefit of the general issue, if the plaintiff had failed to prove his demand, and the defendant had succeeded in establishing his, he would have been entitled to. a judgment for the full amount of it. R. Stat., 1838, p. 370. And he has still the right to contend for it, if he can get rid of the award. It is evident, therefore, that the amount involved in the controversy is, exclusive of costs, more than $20.00. This, upon the granting of a supersedeas, gives the Court jurisdiction. R. Stat., 1838, p. 202.
We think the decision of the Circuit Court, refusing to hear *190 the testimony offered by the defendant to show that the award had been obtained by fraud, and dismissing the appeal, was erroneous. Where parties, litigating before a justice of the peace, submit their cause to arbitrators, the award is to be entered on the docket, and to become the foundation of a judgment conclusive against both parties; unless it shall be made to appear to the justice, by satisfactory proof within ten days after the rendition of the judgment, that the award was obtained by “fraud, corruption, or other undue means; or unless, on appeal to the Circuit Court, the same objection shall be established by evidence, or it shall appear that the arbitrators made “ a plain and palpable mistake of law to the injury of one of the parties.” If the award shall be thus impeached in the one Court, or the other, it is to be set aside, and the cause proceed as if no award had ever been made. R. Stat., 1838, p. 371. The right of a party to invalidate such an award in the Circuit Court is open, though he made no objection to it before the justice. The Circuit Court should have heard the evidence offered by the defendant to impeach the award. But even if that had been properly rejected, they should not have dismissed the appeal, but have rendered judgment in favour of the plaintiff on the award.
T. A. Howard, for the plaintiff.
J. A. Wright, for the defendant.
*Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.